E-filing

ORIGINAL
FILED
MAY 3 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  Frank P. Kelly (SBN: 083473)
   fkelly@shb.com
2  Randall Haimovici (SBN: 213635)
   rhaimovici@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
4  San Francisco, California  94104-2828
   Telephone:    415.544.1900
5  Facsimile:    415.391.0281

6  Attorneys for Defendant
   FORD MOTOR COMPANY

7

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                                                          ADR

12 ISABELA ANTONIA HUGHES JAMES, by          Case No. C08-02726

13 and through her Guardian Ad Litem JOHN LES
   HUGHES; JENNIFER HARDY,                   **NOTICE OF REMOVAL OF ACTION
14                                           BY DEFENDANT FORD MOTOR
                                             COMPANY UNDER 28 U.S.C. §§ 1441,
15             Plaintiffs,                    1446 AND 1332 (DIVERSITY) AND
                                             REQUEST FOR JURY TRIAL**
15
       vs.
16
                                             Amended Complaint filed: March 26, 2008
17 FORD MOTOR COMPANY; and DOES
   1 through 100, inclusive,

18
             Defendants
19

20

21       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**

22 **DISTRICT OF CALIFORNIA:**

23       **PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Removing

24 Defendant") hereby removes to this Court the action described below.

25       1.       On March 26, 2008, the First Amended Complaint was filed in Alameda County

26 Superior Court, in the action entitled *Isabela Antonia Hughes James By and Through her*

27

28

1    *Guardian Ad Litem, John Les Hughes; Jennifer Hardy v. Ford Motor Company, and Does 1 to*

2    *100,* Case No. RG08370050. A copy of the First Amended Complaint is attached as Exhibit A.

3        2.    On May 5, 2008, CT Corporation received a copy of the First Amended

4    Complaint and Summons. On May 7, 2008, Ford Motor Company received a copy of the First

5    Amended Complaint.

6        3.    Pursuant to 28 U.S.C. section 1446, subdivision (b), this Notice of Removal is

7    timely filed within thirty (30) days of Defendant Ford Motor Company's receipt of notice of

8    Plaintiffs' Summons and Complaint.

9        4.    This action may be removed to this Court pursuant to 28 U.S.C. section 1441(b)

10    because this Court has original jurisdiction over this action pursuant to 28 U.S.C. section

11    1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest

12    and costs, and Plaintiffs and Defendant are citizens of different states.

13        5.    According to the complaint, Plaintiff Isabella Antonia Hughes James is  the

14    daughter and plaintiff Jennifer Hardy was the putative spouse of decedent Joseph Edward James

15    (Complaint, p. 2, par. 2). Plaintiffs alleged they have been deprived of the decedent's society,

16    comfort, attention and services, and seek economic and non-economic damages. Plaintiffs also

17    seek funeral and burial expense. According to Plaintiffs' Statement of Damages, they seek

18    approximately $30,000,000.    Thus, the amount in controversy meets the jurisdictional

19    requirements.

20        6.    Removing Defendant is informed and believes that Plaintiffs Isabella Antonia

21    Hughes James  and Jennifer Hardy were at the time of filing of the Complaint citizens of

22    California.

23        7.    Removing Defendant is now, and was at the time of the filing of the Complaint, a

24    Delaware corporation with its principal place of business in Dearborn, Michigan.

25        8.    Removing Defendant reserves the right to amend or supplement this Notice of

26    Removal.

27

28

NOTICE TO U.S.D.C.
OF REMOVAL OF ACTION
CASE NO. _____

140487v1

9.    A complete copy of all process, pleadings, and orders sent to Ford Motor Company in this action is attached as Exhibit B. *See* 28 U.S.C. § 1446(a).

10.    No further proceedings involving Ford Motor Company have occurred in the Alameda County Superior Court in this action as of the date of the filing of this Notice of Removal.

11.    Removing Defendant has answered the Complaint in state court.

12.    This action was pending in Alameda County Superior Court, requiring an initial intradistrict assignment to the San Francisco or Oakland Divisions.

13.    Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Alameda.

14.    Pursuant to 28 U.S.C. section 1446(d), Removing Defendant is providing written notice of removal to Plaintiffs.

15.    Removing Defendant also requests a trial by jury.

WHEREFORE, Defendant removes this action now pending against it in the Superior Court of the State of California, County of Alameda, to this Honorable Court.

Dated: May 30, 2008

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____ FOR

FRANK P. KELLY
RANDALL HAIMOVICI

Attorneys for Defendant
FORD MOTOR COMPANY

- 3 -

NOTICE TO U.S.D.C.
OF REMOVAL OF ACTION
CASE NO. _____

140487v1

**EXHIBIT A**

COPY

**SNYDER ♦ DORENFELD, LLP**
5010 Chesebro Road
Agoura Hills, California 91301
Telephone:  (818) 865-4000
Facsimile:  (818) 865-4010
DAVID K. DORENFELD, No. 145056
BRADLEY A. SNYDER, No. 108643

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 6 2008

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

Attorneys for Plaintiffs
ISABELLA ANTONIA HUGHES JAMES, by and through
her Guardian Ad Litem JOHN LESS HUGHES;
JENNIFER HARDY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ISABELLA ANTONIA HUGHES JAMES, by and through her Guardian Ad Litem JOHN LES HUGHES; JENNIFER HARDY, | Case No.  RG08370050 |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | **(1) *Wrongful Death*** <br> **(2) *Strict Liability*** <br> **(3) *Negligence*** |
| FORD MOTOR COMPANY; and DOES 1 through 100, inclusive, | |
| Defendants. | |

COME NOW Plaintiffs ISABELLA ANTONIA HUGHES JAMES, by and through her Guardian Ad Litem JOHN LES HUGHES; and JENNIFER HARDY, and allege as follows:

### *General Allegations*

1.  Plaintiffs were, at all material times, residents of the County of Contra Costa, State of California.

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES

2.    Plaintiff Isabella Antonia Hughes James is the daughter and plaintiff Jennifer Hardy was the putative spouse of Joseph Edward James (hereinafter referred to as the "Decedent").   Plaintiffs are entitled to bring an action for the wrongful death of the Decedent pursuant to *Code of Civil Procedure* §377.60 and *Probate Code* §§6400 and 6402(b).

3.    Plaintiffs are informed and believe and thereon allege that Defendant FORD MOTOR COMPANY (hereinafter referred to as "FORD") is and was, at all material times, a corporation, duly organized and existing under and by virtue of the laws of the State of California, and authorized to do and engaged in doing business in the County of Alameda, State of California.

4.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants, of DOES 1 through 100, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have become ascertained.

5.    At all relevant times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was, at all times herein mentioned, acting within the purpose, course, scope and furtherance of said agency and employment. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the corporate or other business entity Defendants was the agent of their co-corporate entities and other Defendants and in doing the things herein alleged, the officers, employees and agents of each corporate or other business entity Defendant acted on behalf of their co-corporate entities and other Defendants and with the knowledge, consent, approval and ratification of the officers and directors of said co-corporate and other Defendants.

SNYDER ◆ DORENFELD, LLP

-2-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

6.    At all relevant times herein mentioned, Defendant FORD including Does 1-100, was the designer, manufacturer, marketer, distributor, maintainer, installer, inspector and seller of a certain 1994 Explorer (hereinafter referred to as "the vehicle"), which was purchased and driven by Decedent.

7.    On or about February 7, 2006, Decedent was the owner/operator of said 1994 Explorer when the vehicle was involved in a single car accident which resulted in a fire in the vehicle and his death.

## FIRST CAUSE OF ACTION

### *Wrongful Death*

(Against All Defendants)

8.    Plaintiffs reallege paragraphs 1 through 7 and incorporate them by reference as though fully set forth at length herein.

9.    On February 7, 2006, while Decedent was operating the vehicle, the vehicle struck an object and became inoperable. Immediately thereafter, the vehicle exploded into flames. As a result of the negligence of Defendants, and each of them, as herein alleged, the Decedent died from his injuries.

10.    On or about February 7, 2006, the vehicle was dangerous and defective in its design, manufacture, construction, installation, maintenance, placement, and assembly. Said defects included, yet were not limited to, the fuel system and fuel system electrical failsafe system, including the fuel pump shut-off switch, which failed to perform as intended. The vehicle was also devoid of proper warnings of this dangerous and defective condition.

-3-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

11.    At all times prior to his death, Decedent was a loving and dutiful father to Plaintiff Isabella Antonia Hughes James and a loving putative spouse to Plaintiff Jennifer Hardy. As a result of the negligence of the Defendants, and each of them, as herein alleged, and of the Decedent's death, Plaintiffs have been deprived of the Decedent's society, comfort, attention, services, economic and non-economic damage in amounts to be determined at the time of trial.

12.    As a direct and proximate result of the aforementioned defective vehicle, Plaintiffs incurred funeral and burial expenses in an amount to be determined at time of trial.

## SECOND CAUSE OF ACTION

### *Strict Liability*

(Against Defendants FORD and Does 1-100)

13.    Plaintiffs reallege paragraphs 1 through 12 and incorporate them by reference as though fully set forth at length herein.

14.    Defendants, and each of them, are strictly liable in tort for Plaintiffs' damages because the vehicle which caused Plaintiffs' damages constituted a defective product as more particularly set forth hereinabove.

15.    The defects in the vehicle which caused this incident include, but are not limited to, its design, manufacture, construction, installation, assembly and failure to properly warn. Any and all uses and applications of the vehicle, and which contributed to this incident, were foreseeable.

//

//

**FIRST AMENDED COMPLAINT FOR DAMAGES**

SNYDER ◆ DORENFELD, LLP

16.    Defendant FORD's, including Does 1-100, and each of them, design of the fuel system and fuel system electrical failsafe system, including the fuel pump shut-off switch does not meet ordinary consumer expectations.

17.    As a direct and proximate result of the aforementioned defective vehicle, Plaintiffs were injured.  Said injuries have caused and continue to cause Plaintiffs great mental pain and suffering, resulting in permanent damage to Plaintiffs, all to Plaintiffs' non-economic damage in an amount to be proven at the time of the trial.

18.    As a further direct and proximate result of the aforementioned defective vehicle, Plaintiffs have suffered economic damages including, but not limited to, financial support.

### THIRD CAUSE OF ACTION

#### *Negligence*

(Against Defendants FORD and Does 1-100)

19.    Plaintiffs reallege paragraphs 1 through 18 and incorporate them by reference as though fully set forth at length herein.

20.    At all relevant times herein mentioned, Defendants, and each of them, owed a duty to plaintiffs.

21.    The conduct of Defendant FORD and Does 1-100, and each of them, breached that duty and was negligent in that at all material times, Defendants, and each of them, so carelessly, recklessly, and negligently designed, manufactured, built, marketed, distributed, owned, maintained, sold, installed, controlled and

-5-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

SNYDER ♦ DORENFELD, LLP

inspected the vehicle, in which the fuel system and fuel system electrical failsafe system, including the fuel pump shut-off switch failed to perform its intended function of protecting the occupant involved in a collision from a fire. The vehicle was devoid of proper warnings of this dangerous and defective condition so as to cause Plaintiffs to be injured and sustain the herein-described damages.

22.    At all relevant times herein mentioned, Defendants, and each of them, knew and/or should have known of the existence and presence of the aforementioned dangerous and defective conditions within the vehicle and which caused the occurrence of this incident. Defendants, and each of them, failed to take reasonable measures to correct said dangerous and defective conditions despite the fact that Defendants, and each of them, had the opportunity to do so.

23.    At all relevant times herein mentioned, Defendants, and each of them, created the aforementioned dangerous and defective conditions which existed within the vehicle and caused the occurrence of this incident.

24.    The conduct of Defendants, and each of them, was also negligent in that at all relevant times, Defendants, and each of them, so carelessly, and negligently designed, manufactured, built, marketed, distributed, inspected, maintained, installed, managed, controlled, and sold the vehicle, which was driven by Decedent.

25.    At all relevant times herein mentioned, Defendants, and each of them, knew and/or should have known of the existence and presence of the dangerous and defective conditions of the vehicle, which caused the occurrence of this incident, however, Defendants, and each of them, failed to take any reasonable measures to correct said dangerous and defective conditions.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

SNYDER ◆ DORENFELD, LLP

26.    Among the reasonable measures which Defendants FORD, and each of them, could have taken to avoid this incident were:  (a) to properly warn against the vehicle's dangerous and defective condition;  (b) to prevent persons, such as Decedent, from being injured by the vehicle by including preventative parts; or (c) to cure the dangerous and defective conditions which are set forth herein.

27.    In addition, Defendants FORD, and each of them, created the aforementioned dangerous and defective conditions that existed within the vehicle, which was driven in by the Decedent, and which caused the occurrence of this incident.

28.    As a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs were injured and said injuries have caused and continue to cause Plaintiffs great mental pain and suffering, resulting in permanent damage to Plaintiffs, all to Plaintiffs' general damage in an amount to be proven at the time of the trial.

29.    As a further direct and proximate result of the aforementioned defective vehicle, Plaintiffs have suffered economic damages including, but not limited to, financial support.

//
//
//
//
//
//
//
//

-7-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.    Non-economic damages according to proof at trial;

2.    Economic damages according to proof at trial;

3.    For costs of the suit incurred herein;

4.    Pre-judgment interest according to proof at trial; and

5.    For such other and further relief as this Court may deem just and proper.

Dated:  March 24, 2008          SNYDER ◆ DORENFELD, LLP


By: _____
DAVID K. DORENFELD
ROGER S. GREINER
Attorneys for Plaintiffs ISABELLA ANTONIA
HUGHES JAMES, by and through her
Guardian Ad Litem JOHN LES HUGHES;
JENNIFER HARDY

-8-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**EXHIBIT B**

**SUMMONS ON FIRST AMENDED COMPLAINT**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY; and DOES
1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ISABELLA ANTONIA HUGHES JAMES, by and through her
Guardian Ad Litem JOHN LESS HUGHES;
JENNIFER HARDY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no presenta puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street

CASE NUMBER:
*(Número del Caso):*
RG08347005D

Oakland, CA 94612-4239
Rene C. Davidson Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David K. Dorenfeld, No. 145056        (818) 865-4000  (818) 865-4010
SNYDER * DORENFELD, LLP
5010 Chesebro Road
Agoura Hills, CA 91301

DATE:                    EXEC. SWEETEN        Clerk, by _____, Deputy
*(Fecha)*  4/9/08                       *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*: Ford Motor Company

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
℗ Plus

Code of Civil Procedure §§ 412.20, 465

1  **SNYDER • DORENFELD, LLP**
   5010 Chesebro Road
2  Agoura Hills, California 91301
   Telephone:  (818) 865-4000
3  Facsimile:  (818) 865-4010
   DAVID K. DORENFELD, No. 145056
4  BRADLEY A. SNYDER, No. 108643

5  Attorneys for Plaintiffs
   ISABELLA ANTONIA HUGHES JAMES, by and through
6  her Guardian Ad Litem JENNIFER HARDY;
   JENNIFER HARDY
7

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 6 2008

CLERK OF THE SUPERIOR COURT
By ¥ME. DALTON Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF ALAMEDA**

10                                                          File by Fax

11  ISABELLA ANTONIA HUGHES JAMES,        Case No. RG   0 8 3 7 0 0 5 0
    by and through her Guardian Ad Litem
12  JENNIFER HARDY; JENNIFER HARDY,       **COMPLAINT FOR DAMAGES**

13                    Plaintiffs,          (1) *Wrongful Death*
                                           (2) *Strict Liability*
14          vs.                            (3) *Negligence*

15  FORD MOTOR COMPANY; and DOES
    1 through 100, inclusive,
16
                      Defendants.
17

18

19

20          COME NOW Plaintiffs ISABELLA ANTONIA HUGHES JAMES, by and through

21  her Guardian Ad Litem JENNIFER HARDY; and JENNIFER HARDY, and allege as

22  follows:

23

24                          ***General Allegations***

25

26          1.     Plaintiffs were, at all material times, residents of the County of Contra

27  Costa, State of California.

28  //

                                    -1-

                        **COMPLAINT FOR DAMAGES**

2.    Plaintiff Isabella Antonia Hughes James is the daughter and plaintiff Jennifer Hardy was the putative spouse of Joseph Edward James (hereinafter referred to as the "Decedent"). Plaintiffs are entitled to bring an action for the wrongful death of the Decedent pursuant to *Code of Civil Procedure* §377.60 and *Probate Code* §§6400 and 6402(b).

3.    Plaintiffs are informed and believe and thereon allege that Defendant FORD MOTOR COMPANY (hereinafter referred to as "FORD") is and was, at all material times, a corporation, duly organized and existing under and by virtue of the laws of the State of California, and authorized to do and engaged in doing business in the County of Alameda, State of California.

4.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants, of DOES 1 through 100, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have become ascertained.

5.    At all relevant times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was, at all times herein mentioned, acting within the purpose, course, scope and furtherance of said agency and employment. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the corporate or other business entity Defendants was the agent of their co-corporate entities and other Defendants and in doing the things herein alleged, the officers, employees and agents of each corporate or other business entity Defendant acted on behalf of their co-corporate entities and other Defendants and with the knowledge, consent, approval and ratification of the officers and directors of said co-corporate and other Defendants.

-2-

**COMPLAINT FOR DAMAGES**

1    6.    At all relevant times herein mentioned, Defendant FORD including
2    Does 1-100, was the designer, manufacturer, marketer, distributor, maintainer,
3    installer, inspector and seller of a certain 1994 Explorer (hereinafter referred to as
4    "the vehicle"), which was purchased and driven by Decedent.

5

6    7.    On or about February 7, 2006, Decedent was the owner/operator of
7    said 1994 Explorer when the vehicle was involved in a single car accident which
8    resulted in a fire in the vehicle and his death.

9

10    **FIRST CAUSE OF ACTION**
11    ***Wrongful Death***
12    (Against All Defendants)

13

14    8.    Plaintiffs reallege paragraphs 1 through 7 and incorporate them by
15    reference as though fully set forth at length herein.

16

17    9.    On February 7, 2006, while Decedent was operating the vehicle, the
18    vehicle struck an object and became inoperable. Immediately thereafter, the vehicle
19    exploded into flames. As a result of the negligence of Defendants, and each of
20    them, as herein alleged, the Decedent died from his injuries.

21

22    10.    On or about February 7, 2006, the vehicle was dangerous and defective
23    in its design, manufacture, construction, installation, maintenance, placement, and
24    assembly. Said defects included, yet were not limited to, the fuel system and fuel
25    system electrical failsafe system, including the fuel pump shut-off switch, which
26    failed to perform as intended. The vehicle was also devoid of proper warnings of
27    this dangerous and defective condition.
28    //

-3-

**COMPLAINT FOR DAMAGES**

SNYDER ◆ DORENFELD, LLP

1      11.  At all times prior to her death, Decedent was a loving and dutiful father

2  to Plaintiff Isabella Antonia Hughes James and a loving putative spouse to Plaintiff

3  Jennifer Hardy.  As a result of the negligence of the Defendants, and each of them,

4  as herein alleged, and of the Decedent's death, Plaintiffs have been deprived of the

5  Decedent's society, comfort, attention, services, economic and non-economic

6  damage in amounts to be determined at the time of trial.

7

8      12.  As a direct and proximate result of the aforementioned defective

9  vehicle, Plaintiffs incurred funeral and burial expenses in an amount to be

10  determined at time of trial.

11

12                    **SECOND CAUSE OF ACTION**

13                       *Strict Liability*

14           (Against Defendants FORD and Does 1-100)

15

16      13.  Plaintiffs reallege paragraphs 1 through 12 and incorporate them by

17  reference as though fully set forth at length herein.

18

19      14.  Defendants, and each of them, are strictly liable in tort for Plaintiffs'

20  damages because the vehicle which caused Plaintiffs' damages constituted a

21  defective product as more particularly set forth hereinabove.

22

23      15.  The defects in the vehicle which caused this incident include, but are

24  not limited to, its design, manufacture, construction, installation, assembly and

25  failure to properly warn.  Any and all uses and applications of the vehicle, and

26  which contributed to this incident, were foreseeable.

27  //

28  //

-4-

**COMPLAINT FOR DAMAGES**

16.    Defendant FORD's, including Does 1-100, and each of them, design of the fuel system and fuel system electrical failsafe system, including the fuel pump shut-off switch does not meet ordinary consumer expectations.

17.    As a direct and proximate result of the aforementioned defective vehicle, Plaintiffs were injured. Said injuries have caused and continue to cause Plaintiffs great mental pain and suffering, resulting in permanent damage to Plaintiffs, all to Plaintiffs' non-economic damage in an amount to be proven at the time of the trial.

18.    As a further direct and proximate result of the aforementioned defective vehicle, Plaintiffs have suffered economic damages including, but not limited to, financial support.

### THIRD CAUSE OF ACTION

#### *Negligence*

(Against Defendants FORD and Does 1-100)

19.    Plaintiffs reallege paragraphs 1 through 18 and incorporate them by reference as though fully set forth at length herein.

20.    At all relevant times herein mentioned, Defendants, and each of them, owed a duty to plaintiffs.

21.    The conduct of Defendant FORD and Does 1-100, and each of them, breached that duty and was negligent in that at all material times, Defendants, and each of them, so carelessly, recklessly, and negligently designed, manufactured, built, marketed, distributed, owned, maintained, sold, installed, controlled and

-5-

**COMPLAINT FOR DAMAGES**

1  inspected the vehicle, in which the fuel system and fuel system electrical failsafe

2  system, including the fuel pump shut-off switch failed to perform its intended

3  function of protecting the occupant involved in a collision from a fire. The vehicle

4  was devoid of proper warnings of this dangerous and defective condition so as to

5  cause Plaintiffs to be injured and sustain the herein-described damages.

6

7      22.   At all relevant times herein mentioned, Defendants, and each of them,

8  knew and/or should have known of the existence and presence of the

9  aforementioned dangerous and defective conditions within the vehicle and which

10  caused the occurrence of this incident. Defendants, and each of them, failed to

11  take reasonable measures to correct said dangerous and defective conditions

12  despite the fact that Defendants, and each of them, had the opportunity to do so.

13

14      23.   At all relevant times herein mentioned, Defendants, and each of them,

15  created the aforementioned dangerous and defective conditions which existed

16  within the vehicle and caused the occurrence of this incident.

17

18      24.   The conduct of Defendants, and each of them, was also negligent in

19  that at all relevant times, Defendants, and each of them, so carelessly, and

20  negligently designed, manufactured, built, marketed, distributed, inspected,

21  maintained, installed, managed, controlled, and sold the vehicle, which was driven

22  by Decedent.

23

24      25.   At all relevant times herein mentioned, Defendants, and each of them,

25  knew and/or should have known of the existence and presence of the dangerous

26  and defective conditions of the vehicle, which caused the occurrence of this

27  incident, however, Defendants, and each of them, failed to take any reasonable

28  measures to correct said dangerous and defective conditions.

**COMPLAINT FOR DAMAGES**

05-19-'08 15:12 FROM-                                    T-751 P008/009 F-677

1      26.    Among the reasonable measures which Defendants FORD, and each of

2  them, could have taken to avoid this incident were: (a) to properly warn against the

3  vehicle's dangerous and defective condition; (b) to prevent persons, such as

4  Decedent, from being injured by the vehicle by including preventative parts; or (c) to

5  cure the dangerous and defective conditions which are set forth herein.

6

7      27.    In addition, Defendants FORD, and each of them, created the

8  aforementioned dangerous and defective conditions that existed within the vehicle,

9  which was driven in by the Decedent, and which caused the occurrence of this

10  incident.

11

12      28.    As a direct and proximate result of the aforementioned negligence of

13  Defendants, and each of them, Plaintiffs were injured and said injuries have caused

14  and continue to cause Plaintiffs great mental pain and suffering, resulting in

15  permanent damage to Plaintiffs, all to Plaintiffs' general damage in an amount to be

16  proven at the time of the trial.

17

18      29.    As a further direct and proximate result of the aforementioned

19  defective vehicle, Plaintiffs have suffered economic damages including, but not

20  limited to, financial support.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

-7-

**COMPLAINT FOR DAMAGES**

1    WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each

2  of them, as follows:

3

4       1.    Non-economic damages according to proof at trial;

5       2.    Economic damages according to proof at trial;

6       3.    For costs of the suit incurred herein;

7       4.    Pre-judgment interest according to proof at trial; and

8       5.    For such other and further relief as this Court may deem just and

9  proper.

10

11  Dated:  February 6, 2008              SNYDER ♦ DORENFELD, LLP

12

13

14                                        By:  _____

15                                            DAVID K. DORENFELD
                                              BRADLEY A. SNYDER
16                                            Attorneys for Plaintiffs ISABELLA ANTONIA
                                              HUGHES JAMES, by and through her
                                              Guardian Ad Litem JENNIFER HARDY;
17                                            JENNIFER HARDY

18

19

20

21

22

23

24

25

26

27

28

-8-
**COMPLAINT FOR DAMAGES**

02-06-'08 12:01 FROM-

T-014 P013/014 F-015

*6049222*

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
David K. Dorenfeld, No. 145056
Bradley A. Snyder, No. 108643
SNYDER * DORENFELD, LLP
5010 Chesebro Road
Agoura Hills, CA 91301
TELEPHONE NO.: (818) 865-4000   FAX NO.: (818) 865-4010
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612-4239
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: JAMES v. FORD MOTOR COMPANY

F I L E D
ALAMEDA COUNTY
FEB 0 6 2008
CLERK OF THE SUPERIOR COURT
By Kacie S. Oraldo
          Deputy

CASE NUMBER: 08 370050

JUDGE:
DEPT:

**File by Fax**

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | |

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [X] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Three

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 6, 2008

DAVID K. DORENFELD ▸ _(signature)_
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

'02-06-'08 12:00 FROM-

ATTORNEY (Name, State Bar number, and address):
David K. Dorenfeld, No. 145045
Bradley A. Snyder, No. 108643
SNYDER * DORENFELD, LLP
5010 Chesebro Road
Agoura Hills, CA 91301
TELEPHONE NO.: (818) 865-4000    FAX NO. (Optional): (818) 865-4010
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612-4239
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: ISABELLA ANTONIA HUGHES JAMES, by and
through her Guardian ad litem, JENNIFER HARDY
DEFENDANT/RESPONDENT: FORD MOTOR COMPANY, et al.

**FILED**
ALAMEDA COUNTY
FEB 0 6 2008
CLERK OF THE SUPERIOR COURT
By _Kml Chitt__ Deputy

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL
[X] EX PARTE

CASE NUMBER:
RG 08370050

**File by Fax**

NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): JENNIFER HARDY    is
   a. [X] the parent of (name): ISABELLA ANTONIA HUGHES JAMES
   b. [ ] the guardian of (name):
   c. [ ] the conservator of (name):
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented (if the minor is 14 years of age or older).
   f. [ ] another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
JENNIFER HARDY, 2152 LA MIRADA DRIVE, RICHMOND CA, 94803 (510)758-8584

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
ISABELLA ANTONIA HUGHES JAMES, 2152 LA MIRADA DRIVE, RICHMOND CA, 94803
(510)758-8584

4. The person to be represented is:
   a. [X] a minor (date of birth): APRIL 3,2005
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
       ISABELLA ANTONIA HUGHES JAMES IS THE DAUGHTER OF JOSEPH JAMES WHO DIED AS A
       RESULT OF DEFENDANTS' NEGLIGENCE.

[ ] Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL

Legal
Solutions
& Plus

Code of Civil Procedure,
§ 372 et seq.

PLAINTIFF/PETITIONER: ISABE ● ANTONIA HUGHES JAMES, by and ● E NUMBER:
through her Guardian ad litem JENNIFER HARDY

DEFENDANT/RESPONDENT: FORD MOTOR COMPANY , et al.

5. b. ☐ more than 10 days have elapsed since the summons in this above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):
ISABELLA ANTONIA HUGHES JAMES IS A MINOR AND DOES NOT HAVE THE CAPACITY TO SUE IN HER OWN NAME.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☒ related (state relationship): MOTHER
b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

BRADLEY A. SNYDER
(TYPE OR PRINT NAME)
                                                            ▶ _____
                                                            (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 5, 2008

JENNIFER HARDY
(TYPE OR PRINT NAME)
                                                            ▶ _Jennifer Hardy_
                                                            (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: February 5, 2008

JENNIFER HARDY
(TYPE OR PRINT NAME)
                                                            ▶ _Jennifer Hardy_
                                                            (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

ORDER ☐ ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name):
is hereby appointed as the guardian ad litem for (name):
for the reasons set forth in item 5 of the application.

Date: _____                              _____
                                                    JUDICIAL OFFICER

                                        ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CN-D10 [Rev. January 1, 2008]    APPLICATION AND ORDER FOR APPOINTMENT    Page 2 of 3
                                   OF GUARDIAN AD LITEM—CIVIL

Snyder & Dorenfeld, LLP
Attn: Dorenfeld, David K.
5010 Chesebro Road
Agoura Hills, CA   91301-____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Hughes James | No. RG08370050 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Ford Motor Company | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **06/25/2008**<br>Time: **03:15 PM** | Department: **24**<br>     Location: **Administration Building**<br>          **Third Floor**<br>          **1221 Oak Street, Oakland  CA  94612**<br><br>     Internet: **http://www.alameda.courts.ca.gov** | Judge: **Patrick J. Zika**<br>Clerk: **Benilda Nelson**<br>Clerk telephone: **(510) 267-6940**<br>E-mail:<br>**Dept.24@alameda.courts.ca.gov**<br>Fax: **(510) 267-1509** |

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

    *Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/08/2008.

By _____
              digital

                    Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08370050
Case Title:    Hughes James VS Ford Motor Company
Date of Filing: 02/06/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | **Patrick J. Zika** |
| **Department:** | **24** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6940** |
| **Fax Number:** | **(510) 267-1509** |
| **Email Address:** | **Dept.24@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULE 3.135.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick J. Zika
DEPARTMENT 24

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

The use of e-mail is generally preferred by the court to reduce the heavy burden on court staff in responding to telephone and fax communications, particularly for requests relating to scheduling of case management events. Use of e-mail will greatly facilitate a prompt response by the court and staff to your inquiries.

Please note that use of e-mail/fax is not a substitute for the filing of pleadings or other documents.

Counsel and self-represented parties are reminded of the obligation to provide copies of all such communications to opposing counsel and self-represented parties on a contemporaneous basis.

If the communication requests a response from the court, e-mail addresses of all opposing counsel/self represented parties shall be supplied in the original e-mail whenever available to the sender.

When sending an e-mail, the e-mail must be free of viruses and preferably in Microsoft Word format. Do not send the Court Courtesy copy of any pleading unless specifically requested.

## Schedule for Department 24

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held: Mondays through Thursdays at 9:00 a.m.
- Case Management Conferences are held: Initial Case Management Conferences: Wednesdays and Thursdays at 3:15 p.m.
- Case Management Conference Continuances: Fridays at 9:00 a.m.
- Law and Motion matters are heard: Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters. For Tentative rulings, please see specifically Local Rule 3.30(c). To contest a ruling, call or e-mail Dept. 24 in a timely manner.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date and time before noticing any party.

- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.24@alameda.courts.ca.gov

  Trial Management Compliance hearings and first day of trial: Fridays at 2:00 p.m.
  Compliance hearings are heard:  Mondays through Thursdays at 3:15 p.m. and Fridays at 9:00 a.m.

- Ex Parte Matters
  Email:        Dept.24@alameda.courts.ca.gov

  Contact the clerk to reserve a date and time before noticing any party.

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rule 3.30(c).  Tentative rulings will become the Court's order unless contested.  Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24
- Phone:  1-866-223-2244

Dated:  02/07/2008

Executive Officer / Clerk of the Superior Court

By  _____
           digital

           Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/08/2008

By _____

Deputy Clerk

Snyder & Dorenfeld, LLP
Attn: Dorenfeld, David K.
5010 Chesebro Road
Agoura Hills, CA    91301-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hughes James<br><div align="right">Plaintiff/Petitioner(s)</div><br><div align="center">VS.</div><br><br>Ford Motor Company<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. RG08370050<br><br>Application Re: Appointment of<br>Guardian Ad Litem As to Isabella<br>Antonia Hughes James Denied |

IT IS ORDERED that the Application for Appointment of Jennifer Hardy as Guardian Ad Litem for Isabella Antonia Hughes James is DENIED. It is the policy of the Court that one Plaintiff cannot serve as guardian ad litem for a co-Plaintiff because of the potential conflict of interest in settlement or other decisions. Unless there are special circumstances, some other person who is not also a named Plaintiff should serve as guardian ad litem. See Line 7 of Judicial Council Form 982(a)27. The Court notes that if any future application for the appointment of a guardian ad litem seeks to appoint a person other than the person named as the guardian ad litem in the operative complaint, the application will be rejected. The operative complaint should be amended prior to making any such future application.

Line 5(c) of the Application was not checked. If the person named in line 3 has a guardian or conservator of his or her estate, an explanation of why such guardian or conservator will not prosecute this action must be provided in line 5(d).

Dated: 02/11/2008

_____
Judge Patrick J. Zika

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG08370050
Appointment of Guardian Ad Litem of 02/11/2008

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 02/13/2008.

Executive Officer / Clerk of the Superior Court

By _Cynthia L. Boyle_ <sup>digital</sup>

_____
Deputy Clerk

02-22-'08 19:26 FROM-                                                    T-302 F-087
*6424706*

**ATTORNEY** *(Name, State Bar number, and address):*
David K. Dorenfeld, No. 145045
Bradley A. Snyder, No. 108643
SNYDER * DORENFELD, LLP
5010 Chesebro Road
Agoura Hills, CA 91301
  TELEPHONE NO.: (818) 865-4000   FAX NO. *(Optional):* (818) 865-4010
  E-MAIL ADDRESS *(Optional):*
  ATTORNEY FOR *(Name):* Plaintiffs

# ORIGINAL

**FOR COURT USE ONLY**

FILED
ALAMEDA COUNTY

MAR 0 7 2008

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
  STREET ADDRESS: 1225 Fallon St.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland, CA 94612-4239
  BRANCH NAME: Rene C. Davidson Courthouse

**PLAINTIFF/PETITIONER:** ISABELLA ANTONIA HUGHES JAMES, by and through her Guardian ad litem, JENNIFER HARDY
**DEFENDANT/RESPONDENT:** FORD MOTOR COMPANY, et al.

| AMENDED **APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL** [X] **EX PARTE** | CASE NUMBER: RG08370050 |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* JENNIFER HARDY                                is
   a. [X] the parent of *(name):* ISABELLA ANTONIA HUGHES JAMES
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   JENNIFER HARDY, 2152 LA MIRADA DRIVE, RICHMOND CA, 94803 (510)758-8584

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   ISABELLA ANTONIA HUGHES JAMES, 2152 LA MIRADA DRIVE, RICHMOND CA, 94803 (510)758-8584

4. The person to be represented is:
   a. [X] a minor *(date of birth):* APRIL 3, 2005
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
     ISABELLA ANTONIA HUGHES JAMES IS THE DAUGHTER OF JOSEPH JAMES WHO DIED AS A RESULT OF DEFENDANTS' NEGLIGENCE.

   [ ] Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§ 372 et seq.

CIV-010

| PLAINTIFF/PETITIONER: ISABELLA ANTONIA HUGHES JAMES, by and through her Guardian ad litem, JENNIFE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FORD MOTOR COMPANY, et al. | RG08370050 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in Item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in Item 3 or any other person.

c. ☐ the person named in Item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):

ISABELLA ANTONIA HUGHES JAMES IS A MINOR AND DOES NOT HAVE THE CAPACITY TO SUE IN HER OWN NAME.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☒ related (state relationship): MOTHER

b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

THE PROPOSED GUARDIAN IS THE MOTHER OF THE MINOR. THE MINOR'S FATHER IS DECEASED. THE MINOR'S GRANDPARENTS ARE ELDERLY.

☐ Continued on Attachment 7.

BRADLEY A. SNYDER
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 5, 2008

JENNIFER HARDY
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: February 5, 2008

JENNIFER HARDY
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name):
is hereby appointed as the guardian ad litem for (name):
for the reasons set forth in item 5 of the application.

Date: _____

_____
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Snyder & Dorenfeld, LLP
Attn: Dorenfeld, David K.
5010 Chesebro Road
Agoura Hills, CA 91301-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hughes James<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Ford Motor Company<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG08370050<br><br>Application Re: Appointment of<br>Guardian Ad Litem As to Isabella<br>Antonia Hughes James Denied |

IT IS ORDERED that the Application for Appointment of Jennifer Hardy as Guardian Ad Litem for Isabella Antonia Hughes James is DENIED. It is the policy of the Court that one Plaintiff cannot serve as guardian ad litem for a co-Plaintiff because of the potential conflict of interest in settlement or other decisions. Unless there are special circumstances, some other person who is not also a named Plaintiff should serve as guardian ad litem. See Line 7 of Judicial Council Form 982(a)27. Plaintiff's assertion that her grandparents are elderly is not sufficient to show special circumstances, because Plaintiff fails to show that there is no independent person who is suitable for appointment as guardian ad litem.

Any future application for the appointment of a guardian ad litem that seeks to appoint a person other than the person named as the guardian ad litem in the operative complaint will be rejected. The operative complaint must be amended to name a new guardian ad litem prior to making any such future application.

Line 5(c) of the Application was not checked again, despite the Court's prior order denying the application on that basis. If the person named in line 3 has a guardian or conservator of his or her estate, an explanation of why such guardian or conservator will not prosecute this action must be provided in line 5(d).

Dated: 03/10/2008

_facsimile_

_____
Judge Patrick J. Zika

Case No. RG08-370050
Order Denying Application for Appointment of Guardian Ad Litem

## DECLARATION OF SERVICE BY MAIL

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause. I served the foregoing document by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on: March 12, 2008

Executive Officer/Clerk of the
Superior Court

By _____
Deputy Clerk

● ORIGINAL ●



*6515231*

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David K. Dorenfeld, No. 145045 <br> SNYDER * DORENFELD, LLP <br> 5010 Chesebro Road <br> Agoura Hills, CA 91301 <br> TELEPHONE NO.: (818) 865-4000    FAX NO. (Optional): (818) 865-4010 <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): Plaintiffs | **FILED** <br> ALAMEDA COUNTY <br><br> MAR 2 6 2008 <br><br> CLERK OF THE SUPERIOR COURT <br> By ____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612-4239
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: ISABELLA ANTONIA HUGHES JAMES, by and
through her Guardian ad litem, JENNIFER HARDY
DEFENDANT/RESPONDENT: FORD MOTOR COMPANY, et al.

| APPLICATION AND ORDER FOR APPOINTMENT <br> OF GUARDIAN AD LITEM—CIVIL <br> [X] EX PARTE | CASE NUMBER: <br> RG08370050 |
|---|---|

**NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): JOHN LES HUGHES                                                    is
    a. [X] the parent of (name): ISABELLA ANTONIA HUGHES JAMES
    b. [ ] the guardian of (name):
    c. [ ] the conservator of (name):
    d. [ ] a party to the suit.
    e. [ ] the minor to be represented (if the minor is 14 years of age or older).
    f. [ ] another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
JOHN LES HUGHES, 857 CORAL DRIVE, RODEO, CALIFORNIA 94572

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
ISABELLA ANTONIA HUGHES JAMES, 2152 LA MIRADA DRIVE, RICHMOND CA, 94803
(510)758-8584

4. The person to be represented is:
    a. [X] a minor (date of birth): APRIL 3, 2005
    b. [ ] an incompetent person.
    c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
    a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
        ISABELLA ANTONIA HUGHES JAMES IS THE DAUGHTER OF JOSEPH JAMES WHO DIED AS A
        RESULT OF DEFENDANTS' NEGLIGENCE.

[ ] Continued on Attachment 5a.

Page 1 of 2

CIV-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: ISABELLA ANTONIA HUGHES JAMES, by and through her Guardian ad litem, JENNIFE | **CASE NUMBER:** RG08370050 |
| DEFENDANT/RESPONDENT: FORD MOTOR COMPANY, et al. | |

5. b. [ ] more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. [X] the person named in item 3 has no guardian or conservator of his or her estate.

   d. [X] the appointment of a guardian ad litem is necessary for the following reasons (specify):
   ISABELLA ANTONIA HUGHES JAMES IS A MINOR AND DOES NOT HAVE THE CAPACITY TO SUE IN HER OWN NAME.

   [ ] Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

   a. [X] related (state relationship): GRANDFATHER

   b. [ ] not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   [ ] Continued on Attachment 7.

RODGER S. GREINER
(TYPE OR PRINT NAME)                              ► _Rodger S____ (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: MARCH 8, 2008

JOHN LES HUGHES
(TYPE OR PRINT NAME)                              ► _John Les Hughes_ (SIGNATURE OF APPLICANT)

---

### CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: MARCH 8, 2008

JOHN LES HUGHES
(TYPE OR PRINT NAME)                              ► _John Les Hughes_ (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

---

ORDER [ ] EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name):
is hereby appointed as the guardian ad litem for (name):
for the reasons set forth in item 5 of the application.

Date: _____

_____
JUDICIAL OFFICER

[ ] SIGNATURE FOLLOWS LAST ATTACHMENT

---

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Snyder & Dorenfeld, LLP
Attn:  Dorenfeld, David K.
5010 Chesebro Road
Agoura Hills, CA   91301-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hughes James<br><div align="right">Plaintiff/Petitioner(s)</div><br><div align="center">VS.</div><br>Ford Motor Company<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG08370050</u><br><br>Application Re: Appointment of<br>Guardian Ad Litem Granted |

The Court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

The Court orders that John Les Hughes is hereby appointed as the guardian ad litem for Isabella Antonia Hughes James for the reasons set forth in item 5 of the application.

MAR 3 1

Dated:  03/27/2008

facsimile

_____
Judge Patrick J. Zika

Case No. RG08-370050
Order Granting Application for Appointment of Guardian Ad Litem

## DECLARATION OF SERVICE BY MAIL

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause. I served the foregoing document by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on: March 28, 2008

Executive Officer/Clerk of the
Superior Court

By ___*bbNelson*_____

Deputy Clerk

*RCD*

# SUMMONS ON FIRST AMENDED COMPLAINT
## (CITACION JUDICIAL)

*5816770*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY; and DOES
1 through 100, inclusive,

**F I L E D**
**ALAMEDA COUNTY**

APR 0 9 2008

By _____

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ISABELLA ANTONIA HUGHES JAMES, by and through her
Guardian Ad Litem JOHN LESS HUGHES;
JENNIFER HARDY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
(Número del Caso:)
RG08370050

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street

Oakland, CA 94612-4239
Rene C. Davidson Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
(818) 865-4000   (818) 865-4010
David K. Dorenfeld, No. 145056
SNYDER • DORENFELD, LLP
5010 Chesebro Road
Agoura Hills, CA 91301

DATE: 4/9/2008          PAT S. SWEETEN          Clerk, by _____, Deputy
*(Fecha)*                                        *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL: SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA]

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

CIV-050

*- DO NOT FILE WITH THE COURT -*
*- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO.: (818) 865-4000 | FOR COURT USE ONLY |
|---|---|---|
| David K. Dorenfeld, No. 145045<br>Bradley A. Snyder, No. 108643<br>SNYDER * DORENFELD, LLP<br>5010 Chesebro Road<br>Agoura Hills, CA 91301 | | |

ATTORNEY FOR *(name)*:  Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612-4239
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF: ISABELLA ANTONIA HUGHES JAMES, etc., et al.
DEFENDANT: FORD MOTOR COMPANY, et al.

| **STATEMENT OF DAMAGES**<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>RG08370050 |
|---|---|

To *(name of one defendant only)*:    FORD MOTOR COMPANY
Plaintiff *(name of one plaintiff only)*:    JENNIFER HARDY
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [ ]  Pain, suffering, and inconvenience .......................................... $ _____
   b. [ ]  Emotional distress ........................................................ $ _____
   c. [ ]  Loss of consortium ........................................................ $ _____
   d. [X]  Loss of society and companionship *(wrongful death actions only)* ...... $ 10,000,000.00
   e. [ ]  Other *(specify)* ......................................................... $ _____
   f. [ ]  Other *(specify)* ......................................................... $ _____
   g. [ ]  Continued on Attachment 1.g.

2. **Special damages**
   a. [ ]  Medical expenses *(to date)* ............................................. $ _____
   b. [ ]  Future medical expenses *(present value)* ................................ $ _____
   c. [ ]  Loss of earnings *(to date)* ............................................. $ _____
   d. [ ]  Loss of future earning capacity *(present value)* ........................ $ _____
   e. [ ]  Property damage .......................................................... $ _____
   f. [X]  Funeral expenses *(wrongful death actions only)* ......................... $ 10,000.00
   g. [X]  Future contributions *(present value)* *(wrongful death actions only)* ... $ 10,000,000.00
   h. [X]  Value of personal service, advice, or training *(wrongful death actions only)* ... $ 10,000,000.00
   i. [ ]  Other *(specify)* ........................................................ $ _____
   j. [ ]  Other *(specify)* ........................................................ $ _____
   k. [ ]  Continued on Attachment 2.k.

3. [ ]  **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. $ _____
   when pursuing a judgment in the suit filed against you.

Date: April 24, 2008

Rodger S. Greiner
(TYPE OR PRINT NAME)

*(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)*

(Proof of service on reverse)                                                    Page 1 of 2

CIV-050

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: ISABELLA ANTONIA HUGHES JAMES, etc., et al.<br>DEFENDANT: FORD MOTOR COMPANY, et al. | RG08370050 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service.  Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages    ☐ Other *(specify):*

   b. on *(name):*
   c. by serving    ☐ defendant    ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery    ☐ at home    ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*
   a. ☐ **Personal service.** By personally delivering copies.  (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.**  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.**  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20(b))  **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.**  By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender.  (CCP § 415.30)  **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.**  By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served.  (CCP § 415.40)  **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
              (SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
              (SIGNATURE)

CIV-050 [Rev. January 1, 2007]

## PROOF OF SERVICE
### (Statement of Damages)

Code of Civil Procedure, §§ 425.11, 425.115

CIV-050

**- DO NOT FILE WITH THE COURT -**
*- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| David K. Dorenfeld, No. 145056<br>Bradley A. Snyder, No. 108643<br>SNYDER * DORENFELD, LLP<br>5010 Chesebro Road<br>Agoura Hills, CA 91301 | (818) 865-4000 | |

ATTORNEY FOR *(name):*  Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  ALAMEDA

STREET ADDRESS:  1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE:  Oakland, CA 94612-4239

BRANCH NAME:  Rene C. Davidson Courthouse

PLAINTIFF:  ISABELLA ANTONIA HUGHES JAMES, etc., et al.

DEFENDANT:  FORD MOTOR COMPANY, et al.

| **STATEMENT OF DAMAGES**<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>RG08370050 |
|---|---|

To *(name of one defendant only):*  FORD MOTOR COMPANY

Plaintiff *(name of one plaintiff only):*  ISABELLA ANTONIA HUGHES JAMES, by and through her Guardian ad
seeks damages in the above-entitled action, as follows:  Litem, JOHN LES HUGHES

AMOUNT

**1. General damages**

a. ☐ Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

b. ☐ Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

c. ☐ Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

d. ☒ Loss of society and companionship *(wrongful death actions only)* . . . . . . . . . . . . $ 10,000,000.00

e. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

f. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☐ Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

b. ☐ Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

c. ☐ Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

d. ☐ Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

e. ☐ Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

g. ☒ Future contributions *(present value) (wrongful death actions only)* . . . . . . . . . . . . $ 5,000,000.00

h. ☒ Value of personal service, advice, or training *(wrongful death actions only)* . . . . . . $ 1,000,000.00

i. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

j. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

k. ☐ Continued on Attachment 2.k.

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify).* $ _____
when pursuing a judgment in the suit filed against you.

Date: April 24, 2008

Rodger S. Greiner
_____
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

CIV-050

| PLAINTIFF: ISABELLA ANTONIA HUGHES JAMES, etc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT: FORD MOTOR COMPANY, et al. | RG08370050 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages    ☐ Other *(specify):*

   b. on *(name):*
   c. by serving    ☐ defendant    ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery    ☐ at home    ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*6503968*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | 11-02630 | FOR COURT USE ONLY |
|---|---|---|

DAVID K. DORENFELD, Bar No.: 145056
SNYDER - DORENFELD, LLP.                     co
5010 CHESEBRO RD.
AGOURA HILLS, CA 91301

TELEPHONE NO.: (818) 865-4000

ATTORNEY FOR *(Name):* PLAINTIFFS

**FILED**
**ALAMEDA COUNTY**

MAY 1 2 2008

CLERK OF THE SUPERIOR COURT

By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **ALAMEDA**

STREET ADDRESS: **Per Cal. Rule of Court 2.150:**

MAILING ADDRESS: **The address of the court is not required**

CITY AND ZIP CODE:

BRANCH NAME: **OAKLAND - UNLIMITED**

PLAINTIFF/PETITIONER: **JAMES**

DEFENDANT/RESPONDENT: **FORD MOTOR COMPANY**

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>**RG08370050** |
| | Ref. No. or File No.:<br>**00931755-01** |

*(Separate proof of service is required for each party served.)*

**HEARING:**
**DATE:** 06/25/08
**TIME:** 03:15 pm
**DIV/DEPT:**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☐ summons

   b. ☐ complaint

   c. ☒ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☒ other *(specify documents):* APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM-CIVIL; NOTICE OF CASE MANAGEMENT CONFERENCE; FIRST AMENDED SUMMONS, FIRST AMENDED COMPLAINT; ADR PACKAGE; STATEMENT OF DAMAGES (2)

3. a. Party served *(specify name of party as shown on documents served):* **FORD MOTOR COMPANY BY SERVING C.T. CORPORATION SYSTEMS (Authorized agent to accept service of process)**

   b. person served: ☐ party in item 3a  ☒ other *(specify name and relationship to the party named in item 3a):*
   **MARGARET WILSON, Service of Process Clerk/Supervisor**

4. Address where the party was served: **818 WEST SEVENTH STREET, SUITE 200**
   **LOS ANGELES, CA  90017  (B)**

5. I served the party *(check proper box)*

   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 05/05/08   (2) at *(time):* 10:24 am

   b. ☐ **by substituted service.** On *(date):*         at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc.,§415.20). I mailed the documents on *(date):*         from *(city):*         or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Code of Civil Procedure, § 417.10

Computer-generated form
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

11103 /CPC
00931755-01

GO: 11
NADINE MAROUTUNIAN

| PLAINTIFF/PETITIONER:  JAMES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  FORD MOTOR COMPANY | RG08370050 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *specify means of service and authorizing code section):*

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☒ on behalf of *(specify):*   FORD MOTOR COMPANY

        under the following Code of Civil Procedure section:

        ☒ CCP 416.10 (corporation)        ☐ CCP 415.95 (business organization, form unknown)

        ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

        ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

        ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

                                        ☐ other:

7. **Person who served papers**

    a. Name: **N. VALLES**

    b. Address: **7124 Owensmouth Ave., #106**       **Canoga Park, CA  91303**

    c. Telephone number: **(818) 763-6931**

    d. The fee for service was: $ **49.95**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code Section 22350(b).

        (3) ☒ registered California process server:

            (i) ☐ Owner ☒ employee ☐ independent contractor

            (ii) Registration No.: **3644**

            (iii) County: **LOS ANGELES**

8. ☒ I declare under penalty of perjury under the laws of the  State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **05/05/08**

        **N. VALLES**                                                                                     (SIGNATURE)

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-10 [Rev. January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        11104  IMS2  00931755-01

GO: 11
NARINE HAROUTUNIAN

1   Frank P. Kelly, III (SBN: 083473)
    Randall D. Haimovici (SBN: 213635)
2   SHOOK, HARDY & BACON L.L.P.
    333 Bush Street, Suite 600
3   San Francisco, California 94104-2828
    Telephone:    415.544.1900
4   Facsimile:    415.391.0281

5   Attorneys for Defendant
    FORD MOTOR COMPANY

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11  ISABELLA ANTONIA HUGHES JAMES, by )   Case No. RG08370050
    and through her Guardian Ad Litem JOHN LES )
12  HUGHES; JENNIFER HARDY,              )   **DEFENDANT FORD MOTOR**
                                         )   **COMPANY'S ANSWER TO PLAINTIFFS'**
13              Plaintiffs,              )   **FIRST AMENDED COMPLAINT**
                                         )
14       vs.                             )
                                         )
15  FORD MOTOR COMPANY; and DOES 1       )
    through 100, inclusive,              )
16                                       )
                Defendants.              )
17  _____     )

18      Defendant Ford Motor Company ("Defendant"), answers Plaintiffs' First Amended

19  Complaint ("FAC") as follows:

20      Under the provisions of Section 431.30 of the Code of Civil Procedure, Defendant denies all

21  of the allegations in the FAC, and each cause of action, and further denies that Plaintiffs sustained

22  the damages alleged, or at all.

23                       FIRST AFFIRMATIVE DEFENSE

24      1.      The FAC fails to state a cause of action against Defendant.

25                       SECOND AFFIRMATIVE DEFENSE

26      2.      If Plaintiffs were damaged, either as alleged in the FAC or at all, such damages were

27  directly and proximately caused by the negligence of Plaintiffs' decedent, and Plaintiffs' recovery, if

28  any, should be reduced in proportion to the amount of their comparative fault.

### THIRD AFFIRMATIVE DEFENSE

3.     If Plaintiffs were damaged, either as alleged in the FAC or at all, such damages were directly and proximately caused by the comparative fault of others, whether or not parties to this action, and Plaintiffs' recovery, if any, should be reduced in proportion to the amount of the comparative fault of said parties.

### FOURTH AFFIRMATIVE DEFENSE

4.     Defendant alleges that at the time of the injuries alleged in the FAC, Plaintiffs' decedent was employed and was entitled to, and did and will receive worker's compensation benefits from his employer; that Plaintiffs' decedent's employer was negligent in and about the matters referred to in the FAC and that such negligence on the part of the employer proximately, legally and concurrently contributed to the accident and to the loss and damage complained of by Plaintiffs, if any there were; and thus, Defendant is entitled to set off any benefits received or to be received by Plaintiffs against any judgment which may be rendered in favor of Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

5.     The causes of action Plaintiffs attempt to state in their FAC are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure section 335.1

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' decedent, with full appreciation of the particular risks involved, knowingly and voluntarily assumed the risks and hazards of the activity complained of and the damages, if any, resulting thereof.

### SEVENTH AFFIRMATIVE DEFENSE

7.     If Plaintiffs were damaged, as alleged in the FAC or at all, the damages were caused by the unforeseeable alteration and/or abnormal or improper use of the product in question.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

140483V1

### EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs have failed to comply with the breach-of-warranty notice requirements as required by law.

### NINTH AFFIRMATIVE DEFENSE

9.    Plaintiffs failed to mitigate their damages, if any.

### TENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs are barred from any recovery because Plaintiffs, or others acting with the permission, consent or knowledge of Plaintiffs, knowingly or intentionally altered, destroyed, destructively tested, discarded, failed to preserve or protect, sold and/or spoliated the subject vehicle and/or component parts of the vehicle which were known to Plaintiffs or such others to be critical evidence in the instant litigation.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    The sole proximate and legal cause of injuries and damages, if any, allegedly suffered by the Plaintiffs was the failure, refusal, or omission of Plaintiffs' decedent or others to follow the warnings, cautions, instructions, or other writings accompanying the subject product, for which such act or omission Defendant is not legally or otherwise responsible.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiffs, by their own acts or conduct, are estopped from asserting any claims or damages or seeking any other relief whatsoever against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiffs, by their own acts or conduct, have waived and/or released all claims, if any, against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    The negligence of Plaintiffs' decedent was a superseding, intervening cause of the accident and Plaintiffs' damages.

140483V1

FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant gives notice that it intends to rely on other defenses that become available during discovery in this case and reserves the right to amend its answer to assert any such defense.

Wherefore, Defendant prays as follows:

1.    that Plaintiffs takes nothing by way of their FAC;

2.    that Defendant be awarded costs of suit;

3.    that Defendant be awarded reasonable attorneys' fees; and

4.    for such other and further relief as the Court deems just and proper.

May 30, 2008

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____ Fol
FRANK P. KELLY, III
RANDALL D. HAIMOVICI

Attorneys for Defendant
FORD MOTOR COMPANY

4

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

140483V1

1

## PROOF OF SERVICE

2      The undersigned declare: I am over the age of 18 years and not a party to the within action.  I

3   am employed in the county where this service occurs.  My business address is 333 Bush Street, Suite

4   600, San Francisco, California 94104, my facsimile number is (415) 391-0281.  On the date shown

5   below I served the following document(s):

6      • **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S FIRST

7         AMENDED COMPLAINT**

8   on the interested parties named herein and in the manner indicated below:

| | |
|---|---|
| Attorneys for Plaintiffs<br>ISABELLA ANTONIA HUGHES JAMES,<br>by and through her Guardian Ad Litem JOHN<br>LES HUGHES; JENNIFER HARDY | David K. Dorenfeld, Esq.<br>Bradley A. Synder, Esq.<br>SNYDER & DORENFELD, LLP<br>5010 Chesebro Road<br>Agoura Hills, CA 91301<br>Tel:    (818) 865-4000<br>Fax:    (818) 865-4010 |

13

14   X____   **BY EXPRESS MAIL NEXT DAY DELIVERY, AN OVERNIGHT DELIVERY

15         SERVICE:** I served the documents by placing a true and correct copy of the above
         document(s) in a sealed envelope addressed as indicated above and causing such envelope(s)

16         to be delivered to FEDERAL EXPRESS Air Service Center, on **May 30, 2008,** to be
         delivered by their next business day delivery service on **June 2, 2008,** to the addressee

17         designated.

      I declare under penalty of perjury under the laws of the State of California that the foregoing

18   is true and correct.

19      Executed on **May 30, 2008,** at San Francisco, California.

20

21

22                                                    _____
                                                           Sy Vang

140761v1

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Isabella Antonia Hughes James, by and through her Guardian Ad Litem John Les Hughes; Jennifer Hardy

## DEFENDANTS

Ford Motor Company; and DOES 1 through 100, inclusive

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David K. Dorenfeld, Esq. and Bradley A. Snyder, Esq.
Snyder & Dorenfeld, LLP
5010 Agoura Chesebro Road
Agoura Hills, CA 91301; Tel No. (818) 865-4000

Attorneys (If Known)

Frank P. Kelly, Esq. and Randall Haimovici, Esq.
Shook Hardy & Bacon, LLP
333 Bush Street, Suite 600
San Francisco, CA; Tel No. (415) 544-1900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [X] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities— Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities— Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus— Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
28 USC Sections 1332, 1446

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
May 29, 2008

SIGNATURE OF ATTORNEY OF RECORD